SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**BRYAN CHINWUBA, ILSB #6323733**
Bryan.Chinwuba@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00318-SI-2** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **EVELIA ELIAS-VALDOVINES,** | |
| **Defendant.** | |

**Introduction**

In 2025, DEA Salem investigators arranged a controlled buy in which defendant delivered a large amount of methamphetamine on behalf of another drug trafficker. Following the controlled buy, investigators stropped and searched a vehicle occupied by defendant and the drug trafficker she was working on behalf. During the search, law enforcement seized a large amount of methamphetamine and cocaine. Following the traffic stopped, investigators executed a search on defendant's residence where they seized a large amount of methamphetamine. There are no factual disputes with respect to defendant's conduct between defendant and the government. The government recommends a sentence on the low end of the guideline range followed by five years of supervised release and a $100 fee assessment.

**Government's Sentencing Memorandum**                                                        **Page 1**

I.      **FACTUAL BACKGROUND**

A.      **The Offense Conduct**

On April 24, 2025, a DEA confidential source contacted a Mexico-based drug dealer and purchased one pound of methamphetamine to be delivered in Woodburn, Oregon. That same day, defendant arrived at the drug deal location in Woodburn and sold the confidential source approximately 495 grams of methamphetamine.

On July 31, 2025, Oregon State Police troopers stopped a vehicle occupied by defendant and two co-conspirators while it was traveling in Oregon. defendant was seated in the front passenger seat at the time of the traffic stop. Troopers searched the vehicle and seized approximately 30 kilograms of methamphetamine and one kilogram of cocaine.

Following the traffic stop, investigators searched a Salem, Oregon, residence occupied by defendant and another co-conspirator. Investigators searched the living room and seized approximately 454 grams of methamphetamine.

Investigators interviewed defendant following her arrest. Defendant admitted to delivering methamphetamine and traveling to California to pickup drugs to be delivered in Oregon on behalf of her co-conspirator.

Due to defendant's role as a courier, her limited knowledge of the overall drug trafficking organization, and defendant's lack of involvement in the planning of the drug trafficking conspiracy, the movement recommends a minimal role reduction. Although three firearms were found in defendant's residence, the government does not recommend a dangerous weapon enhancement under Section 2D1.1(b)(1) of the United States Sentencing Guidelines Manual. The application of the enhancement requires the government to prove by a preponderance that the weapons were present.

**Government's Sentencing Memorandum**                                        **Page 2**

The government does not believe this burden can be met as to this particular defendant. The firearms, including one AR 15 style rifle, one revolver, and one Glock clone handgun were located in in a different room than where investigators found the methamphetamine. Evidence demonstrates it is unlikely defendant had knowledge of these firearms or carried them while transporting drugs or proceeds of drug trafficking. Finally, defendant's live-in partner and co-defendant claimed possession of the firearms. Although some courts apply the dangerous weapon enhancement to defendant's based on a co-conspirators possession, others require at least some evidence of knowledge. See *United States v. Barron*, 940 F.3d 903, 912 (6th Cir. 2019). There is little evidence in this case that defendant knew her co-conspirator was using those firearms in furtherance of drug trafficking, especially given the fact the firearms and drugs were located in separate rooms and none of the defendants in this case were observed with firearms on their person or in their vehicles during the course of the investigation.

### The Charges

Defendant is charged in Counts One, Four, Five, Six and Seven of the Indictment. On April 8, 2026, defendant pleaded guilty to Count One of the Indictment which alleges Conspiracy to Distribute Controlled Substances.

## II.    GOVERNMENT'S RECOMMENDED SENTENCE

| | |
|---|---|
| 30 | BOL (with 2D1.1(a)(5) minimal role adjustment) |
| -4 | Minimal Role 3B1.2 |
| -3 | Acceptance |
| -2 | Safety Valve |
| -3 | 3553(a) |
| -2 | Zero Point Offender |
| = 16 | 21-27 months (CHC I) |

**Government's Sentencing Memorandum**    **Page 3**

Based on defendant's acceptance of responsibility, the government recommends a sentence on the low end of the guideline range followed by a five-year term of supervised release, subject to the standard conditions, and a $100 fee assessment.

Dated: June 24, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

_/s/ Bryan Chinwuba_
BRYAN CHINWUBA, ILSB #6323733
Assistant United States Attorney

**Government's Sentencing Memorandum**                                   **Page 4**